73,896-02

CIS

RECEIVED IN
COURT OF CRIMINAL APPEALS
10-21-15
OCT 26 2015
Abel Acosta, Clerk

Honorable Court of Criminal Appeals

I am writing in regards to a 11.07 Habeas Corpus I have presented the Honorable Courts. Please see attached court response. I wanted to advise the court I'm completely - layman at law and dont have attorney - knowledge of criminal law.

But I am telling the Honorable courts the truth in this matter. Myself and my 76 yr old father paid Mr Abe - Factor to represent me in this cause. I am now totaly indigent. I recieved (10) years defferen adjudication probation. And the Parker County 415th District Court revoked that probation and gave me (6) years in prison.

My attorney Mr Abe - Factor told me if I pleaded guilty I would not be able to appeal the conviction and I would recieve all back time jail credits from the time the crime happend till date of conviction minus 46 days. So I agreed to take the plea agreement as soon as I signed the papers in the court room the judge said it has been agreed the defendant recieve "all" - his back time jail credit in this -

(2)

CAUSE, THEY DID NOT STATE THE AMOUNT OF DAYS THEY GAVE ME. JUST "ALL" BACK TIME SO THE BAILIFF GRABBED MY ARM LEAD ME OUT OF THE COURT ROOM. AND I WAS TRYING TO ASK THE PROSECUTOR HOW MANY DAYS HE GAVE ME. THE BAILIFF WOULD NOT LET ME TALK. AND THE PROSECUTOR = MR ROBERT - DUBOIS SAID I GAVE YOU ALL YOUR BACK TIME. I DID NOT GET A COPY OF THE JUDGEMENT TILL DAYS LATER SHOWING THE AMOUNT OF DAYS I RECIEVED. AND I NEVER SAW MY ATTORNEY MR ABE FACTOR AGAIN!

I FILED BACK TIME JAIL CREDIT MOTIONS TO THE COURTS. SENT MY ATTORNEY ABE FACTOR COPYS. AND NO ONE WOULD RESPOND. MY ATTORNEY WOULD NOT ANSWER ME OR MY FATHERS PHONE CALL OR RESPOND TO MY LETTERS AND COPYS OF - MOTIONS I SENT HIM. PLEASE IN GOOD FAITH THEY DID NOT GRANT WHAT WAS - AGREED. THANK YOU FOR YOUR TIME AND CONSIDERATION.

SINCERELY

WALTER F MEREDETH Jr
TDCJ # 01980947
MARLIC MICHAEL UNIT
2664 FM 2054
TENN COLONY TX
75886

ABE FACTOR (ATTY)
5719 AIRPORT FRWY
FORT WORTH. TX 76117



# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-73,896-02

### EX PARTE WALTER MERIDETH, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. CR13-0814 IN THE 415TH DISTRICT COURT
## FROM PARKER COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of bribery and sentenced to six years' imprisonment. He did not appeal his conviction.

Applicant contends that his trial counsel rendered ineffective assistance because he informed Applicant that he would receive jail time credit from the date of the offense to the date of the judgment (minus 46 days) as part of the plea agreement, but the judgment does not reflect that jail time agreement.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: October 14, 2015
Do not publish